# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

BASF CORPORATION,

        Plaintiff,

-against-

EUROPEAN AUTO SERVICE CENTRE, INC. d/b/a EUROPEAN AUTO SERVICE CENTER, INC.,

        Defendant.

COMPLAINT AND DEMAND FOR JURY TRIAL

CIVIL ACTION NO._____

Plaintiff BASF Corporation ("BASF"), by and through undersigned counsel, as and for its Complaint against the above-captioned defendant European Auto Service Centre, Inc. d/b/a European Auto Service Center, Inc. ("Defendant"), alleges as follows:

## THE PARTIES

1. BASF is a citizen of the States of Delaware and New Jersey. BASF is incorporated under the laws of the State of Delaware and has its principal place of business in the State of New Jersey.

2. Defendant is a Florida corporation with its principal address and mailing address at 2740 Northwest 1st Avenue, Boca Raton, Florida 33431. Upon information and belief, Defendant was administratively dissolved in September 2020 for failure to file an annual report.

3. Defendant's registered agent on file with the Florida Department of Corporations is Jeff Kranitz, with a service address of 2740 Northwest 1st Avenue, Boca Raton, Florida 33431.

4. BASF is in the business of selling aftermarket paints, refinishes, coating, primers, thinners and reducers as well as other related products and materials for the reconditioning, refinishing and repainting of automobiles, trucks, and other vehicles (collectively,

"Refinish Products"). BASF resells the Refinish Products to distributors that in turn sell the Refinish Products to automotive body shops that are in the business of reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles.

5. Defendant is a body shop engaged in the business of reconditioning, refinishing and repainting automobiles, trucks, and other vehicles.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity exists between the parties, as BASF is a citizen of the States of Delaware and New Jersey and Defendant is a citizen of the State of Florida because it is a Florida corporation with its principal place of business in Florida. Defendant is subject to the jurisdiction of this Court because, among other things, a substantial part of the events giving rise to this claim occurred in Florida.

7. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the District and Defendant is subject to the personal jurisdiction in this District.

8. Michigan substantive law governs BASF's claims per Paragraph 7 of the Requirements Agreement.

## GENERAL ALLEGATIONS

### *The Terms of the Requirements Agreement*

9. Effective March 29, 2017, BASF and Defendant entered into a Requirements Agreement, a true and correct copy of which is attached hereto as Exhibit A and incorporated herein by reference.

10. Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Defendant was required to fulfill one hundred percent of its requirements for Refinish Products up to a minimum purchase requirement of $300,000.00 ("Minimum Purchases") in the aggregate with BASF Glasurit and RM Refinish Products at suggested refinish pricing.

11. Pursuant to Paragraph 3 of the Requirements Agreement, BASF paid Defendant $35,000.00 ("Contract Fulfillment Consideration") in consideration of Defendant fulfilling its obligations under the Requirements Agreement.

12. Pursuant to Paragraph 3 of the Requirements Agreement, if the Requirements Agreement were terminated for any reason prior to Defendant purchasing a minimum of $300,000.00 of Refinish Products, Defendant was required to refund the Contract Fulfillment Consideration to BASF in accordance with the following schedule:

| Purchases | Contract Fulfillment Consideration Refund |
|---|---|
| Less than 1/5 of Minimum Purchases | 110% |
| Less than 2/5 and greater than 1/5 of Minimum Purchases | 95% |
| Less than 3/5 and greater than 2/5 of Minimum Purchases | 75% |
| Less than 4/5 and greater than 3/5 of Minimum Purchases | 55% |
| Less than 5/5 and greater than 4/5 of Minimum Purchases | 35% |
| After 5/5 of Minimum Purchases | 0% |

***Defendant's Breach of the Requirements Agreement***

13. In or about June 2018, Defendant, without any legal justification, breached and ultimately terminated the Agreement by, among other things, entering into a contract with one of BASF's competitors for the supply of Refinish Products and refusing to purchase any further BASF Refinish Products prior to fulfilling its Minimum Purchases requirement in violation of Paragraphs 1 and 2 of the Requirements Agreement.

14. At the time of Defendant's breach and termination of the Requirements Agreement, Defendant had purchased only $14,771.86 of BASF Refinish Products (less than one-fifth of the Minimum Purchases requirement), leaving a purchase balance of approximately $285,228.14 remaining due and owing under the terms of the Requirements Agreement. Accordingly, Defendant is required to refund 110% of the $35,000.00 Contract Fulfillment Consideration to BASF, totaling $38,500.00.

15. In violation of Paragraph 3 of the Requirements Agreement, Defendant has failed and refused to refund BASF the sum of $38,500.00, which represents 110% of the $35,000.00 in unearned Contract Fulfillment Consideration.

16. BASF has fulfilled its obligations and remains ready, willing, and able to perform all obligations, conditions, and covenants required under the Requirements Agreement.

17. By letter dated January 11, 2019, a true and accurate copy of which is attached hereto as Exhibit B and incorporated herein by reference, BASF gave Defendant notice that Defendant was in default of its contractual obligations and demanded refund of the Contract Fulfillment Consideration. In addition, BASF notified Defendant that it would seek additional damages that it is entitled to if the matter progressed to litigation.

18. Despite the foregoing demand, Defendant has failed to satisfy its obligations under the terms of the Requirements Agreement and to this day has failed to satisfy its obligations.

**COUNT I**
**Breach of Contract**

19. BASF incorporates by reference the allegations contained in the above paragraphs.

20. Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Defendant was required to fulfill one hundred percent of its requirements for Refinish Products up to the Minimum Purchases requirement of $300,000.00 in the aggregate with BASF Glasurit and RM Refinish Products at suggested refinish pricing.

21. Despite its obligations under the Requirements Agreement and in breach thereof, Defendant has failed to meet its Minimum Purchases requirements under the Requirements Agreement and failed to pay BASF the amounts due and owing thereunder.

22. The amount of the outstanding Minimum Purchases requirement for Refinish Products owed by Defendant pursuant to the Requirements Agreement is approximately $285,228.14 as of the date of the filing of this Complaint.

23. As a result of the unjustified breach of the Requirements Agreement by Defendant without legal excuse, Defendant is obligated to repay 110% of the Contract Fulfillment Consideration ($38,500.00) to BASF pursuant to Paragraph 3 of the Requirements Agreement.

24. As of the date of the filing of this Complaint, Defendant has damaged BASF in the following amounts under the Requirements Agreement:

   a. $38,500.00 for refund of 110% of the Contract Fulfillment Consideration; and

   b. $285,228.14 for the remaining balance of Defendant's Minimum Purchases requirement of $300,000.00.

25. BASF has performed and fulfilled all obligations and conditions required of it under the terms of the Requirements Agreement. Nevertheless, Defendant's breaches of its obligations under the terms of the Requirements Agreement have resulted in damage to BASF in the amount of $323,728.14.

**WHEREFORE**, BASF demands judgment against Defendant, awarding an amount to be determined at trial, together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may seem just and proper.

### COUNT II
### Declaratory Relief

26. BASF incorporates by reference the allegations contained in the above paragraphs.

27. BASF requests a judicial declaration of BASF's and Defendant's respective rights under the Requirements Agreement.

28. An actual dispute and justiciable controversy exists between BASF and Defendant concerning their rights and obligations under the Requirements Agreement. Defendant contends that it has not breached the Requirements Agreement. BASF disagrees and contends that the Requirements Agreement is in full force and effect, and that Defendant is in breach of the Requirements Agreement.

29. A judicial declaration is necessary to establish BASF's and Defendant's rights and duties under the Requirements Agreement.

### DEMAND FOR JURY TRIAL

30. BASF demands a trial by jury on all counts and as to all issues.

### PRAYER FOR RELIEF

**WHEREFORE**, BASF prays that this Court enter Judgment in its favor and against Defendant as follows:

   a. Awarding BASF monetary damages in an amount to be determined at trial, but not less than $323,728.14 together with prejudgment interest;

      b.      Awarding BASF declaratory judgment in that the Requirements Agreement is in full force and effect;

      c.      Awarding BASF all costs and fees of this action as permitted by law; and

      d.      Awarding BASF such other and further relief as this Court deems just and proper.

Dated: July 30, 2021

CARLTON FIELDS, P.A.

By: */s/ Daniel C. Johnson*
Daniel C. Johnson
Florida Bar No. 522880
djohnson@carltonfields.com
200 S. Orange Avenue, Suite 1000
Orlando, FL 32801-3456
Tel:   (407) 244-8237
Fax:  (407) 648-9099